**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **E.B.**

**No. 22-0294** (Nicholas County 22-JA-08)

## MEMORANDUM DECISION

Petitioner Father M.B.[1] appeals the Circuit Court of Nicholas County's March 18, 2022, order adjudicating him as an abusing parent of E.B.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R.A.P. 21.

Prior to the initiation of the instant proceedings, petitioner and the mother were engaged in ongoing proceedings in family court to determine custody of and visitation with the child. The mother had primary custody of the child, and petitioner was granted visitation on Saturdays and daily phone calls. On the evening of January 5, 2022, petitioner placed a phone call to the child and allegedly overheard the mother's boyfriend threaten to hit the child. Petitioner sought and obtained an order granting him temporary custody of the child. On the evening of January 6, 2022, petitioner and law enforcement officers arrived at the mother's home and took custody of the child. The next day, January 7, 2022, the child was seen by a physician who observed bruising and redness on the child's face and determined that the injuries had been intentionally caused. Subsequently, on January 14, 2022, the West Virginia Department of Health and Human Resources ("DHHR") filed a petition against petitioner, alleging that the child received the injuries to her face while in petitioner's care, that the injuries were the result of physical abuse, and that petitioner could not provide an explanation for the child's injuries. The circuit court held a contested preliminary hearing later in January of 2022 and heard the testimony of a Child Protective Services ("CPS") worker and petitioner. Ultimately, the circuit court found that imminent danger existed to the child and that there were no reasonable alternatives to the removal of the child from petitioner's home.

---

[1] Petitioner appears by counsel Paul S. Detch. The West Virginia Department of Health and Human Resources appears by counsel Patrick Morrisey and Brittany N. Ryers-Hindbaugh. Susan Hill appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e).

The circuit court held an adjudicatory hearing over the course of three days in March of 2022.[3] The DHHR presented the testimony of the CPS worker, a pediatrician who observed the child's bruising, two police officers, the mother, and the mother's boyfriend's mother. Petitioner and his wife also testified. The pediatrician testified that she observed linear bruising on both sides of the child's face and other facial injuries and explained that the injuries were nonaccidental and caused by a hand. The pediatrician stated that she could not provide a time frame for when the bruising occurred. The two police officers testified that they accompanied petitioner for the custody exchange and neither observed facial bruising on the child. The mother and the mother's boyfriend's mother testified that that they also observed the child on the day of the custody exchange and saw no facial bruising. The CPS worker's testimony established that the child was placed in petitioner's care on the evening of January 6, 2022, and that when the child was seen by a doctor on the afternoon of January 7, 2022, the child had bruising on her face. The CPS worker further noted that the child had a telehealth appointment via Zoom with another doctor on the morning of January 7, 2022, and no bruising was mentioned or observed.

Petitioner testified that his wife observed facial bruising on the child on the evening of January 6, 2022, but that he did not check the child for bruising because he was "in disbelief." Petitioner admitted that he called a local ambulance service to check on the child due to her high temperature on the morning of January 7, 2022, and that there were no major health issues. Petitioner's wife testified that she observed bruising on the child's face on the evening of January 6, 2022, but stated it could not be seen during the custody exchange because it was covered by the child's hair and a hat.

Ultimately, the circuit court adjudicated petitioner as an abusing parent. The circuit court found that petitioner's contention that the child had facial bruising on the evening of January 6, 2022, was refuted by the testimony of several other people. The circuit court further noted that petitioner had the child checked by an ambulance service on the morning of January 7, 2022, and no issues were reported, and he failed to mention any bruising during the child's telehealth appointment. The circuit court considered the photographs taken by the pediatrician and noted that if the bruising had been present on January 6, 2022, it would have been open, obvious, and observable to the officers and others present for the custody exchange. The circuit court further found that petitioner's testimony was incredible and noted that his failure to check the child's bruising (which he alleged occurred prior to the custody exchange) because he was in disbelief was "ridiculous and unreasonable and erodes his credibility as a witness." Indeed, at the hearing on the matter, petitioner was nervous, red, and sweating during difficult questioning and answered many questions with "I don't remember." As such, the circuit court found that the child sustained the facial injuries while she was in petitioner's care and custody. Petitioner appeals the circuit court's March 18, 2022, adjudicatory order. [4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner raises several

---

[3]Petitioner did not attend the second day of the adjudicatory hearing.

[4]The parents' parental rights remain intact, and the proceedings are ongoing.

assignments of error regarding his adjudication.[5] Petitioner contests the circuit court's findings and argues that the court ignored the testimony of the pediatrician, who stated that she could not provide a time frame for when the abuse occurred. Moreover, petitioner claims that the DHHR's theory of the case (that he filed false pleadings to obtain custody of the child only to then inflict harm on the child) is "totally against any laws of reason or common sense." Lastly, petitioner contends that the circuit court erred in failing to admit into evidence a photograph that corroborated his wife's testimony and failed to consider a recorded and transcribed telephone call wherein he claims the mother's boyfriend can be heard threatening to hit the child.

The circuit court was presented with sufficient evidence to adjudicate petitioner as an abusing parent. We have held that "[a]t the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected . . . ." *In re F.S.*, 233 W. Va. 538, 544, 759 S.E.2d 769, 775 (2014). Further, we explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Id.* at 546, 759 S.E.2d at 777 (citation omitted). Although the pediatrician could not provide a time frame for when the abuse occurred, multiple witnesses testified that the child did not have facial bruising on January 6, 2022, prior to being placed in petitioner's care. Moreover, the evidence established that petitioner was the only person to care for the child on January 7, 2022, and that, although the child was observed by an ambulance service and a doctor via telehealth, petitioner failed to mention any bruising and no bruising was noted by health professionals. However, by the afternoon appointment that day, the child had obvious bruising and redness on her face. The circuit court, having reviewed the photographs, concluded that if the bruising had been present on January 6, 2022, it would have been open, obvious, and observable. While petitioner argues that there was no scientific evidence presented, he fails to cite to any legal authority establishing what scientific evidence, if any, must be presented for adjudication. Upon our review, we find no error.

Lastly, petitioner argues that the circuit court erred in refusing to consider a photograph and a recording of a telephone call, both of which he alleges support his argument that the mother's boyfriend caused the child's bruising. We have previously held that

> rulings on the admissibility of evidence . . . are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and

---

[5]We note that petitioner failed to cite to the standard of review or to provide any authority whatsoever for three out of his four assignments of error; he further failed to provide relevant argument as to one assignment or error, instead reiterating the procedural history of the case. These failures are in direct contradiction to Rule 10(c)(7) of the Rules of Appellate Procedure, which requires that "[t]he brief must contain an argument exhibiting clearly the points of . . . law presented . . . and citing the authorities relied on." Further, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically cautioned that "[p]ursuant to Rule 10(j), failure to file a compliant brief 'may result in the Supreme Court refusing to consider the case, denying argument to the derelict party, dismissing the case from the docket, or imposing such other sanctions as the Court may deem appropriate.'"

procedural rulings of the circuit court under an abuse of discretion standard." Syl. Pt. 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995).

Syl. Pt. 3, *In re J.S.*, 233 W. Va. 394, 758 S.E.2d 747 (2014). Moreover, Rule 10(c)(1) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides that

> [n]ot less than five (5) days prior to any hearing wherein the respondent intends to introduce evidence, the respondent shall provide to the attorney for the petitioner, the attorney for the child, and all other persons entitled to notice and the right to be heard, the following information:
>
> (1) Copies of books, papers, documents, photographs, tangible objects, buildings, or places which are within the possession, custody, or control of the respondent and which the respondent intends to introduce as evidence in chief at the trial.

Here, the circuit court refused to admit the photograph because petitioner failed to provide it to the guardian and the mother's attorney prior to the adjudicatory hearing. Petitioner spends much time arguing that the circuit court erred in denying his wife the opportunity to testify at the preliminary hearing and disallowing him to introduce the photograph at that hearing, but he fails to address why he did not provide the photograph to "all other persons entitled to notice and the right to be heard" five days prior to the adjudicatory hearing as required by Rule 10(c)(1), and instead provided the photograph only to the DHHR. Further, because petitioner entirely fails to cite the record to establish that he attempted to admit a recording of the alleged telephone call and also fails to address the basis for the circuit court's decision not to admit the recording, we are unable to evaluate whether the circuit court did, in fact, err. In any event, petitioner states that he did not attempt to offer the recording for the truth of the matter asserted, but rather, to establish that the child was upset, which he and the mother both testified to. As such, we find no error in this regard. In sum, we find that petitioner fails to demonstrate that the circuit court abused its discretion in adjudicating him as an abusing parent.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 18, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn